[Civ. No. 1140. Third Appellate District.—July 29, 1913.]

## D. C. WHEELER et al., Respondents, v. THE COUNTY OF PLUMAS, Appellant.

License-tax on Sheep Raising—Coercion in Payment—What Constitutes.—Where, in proceedings to enforce payment of a license-tax imposed by a county ordinance on the business of sheep raising, the district attorney informs the defendant, then in custody: "You shall go to jail unless you pay this tax, pending the determination of the validity of the tax"; and defendant replied: "I will pay, but I pay under protest that the tax is illegal and to avoid imprisonment and the ignominy of a criminal trial," these facts show legal coercion and duress.

Id.—Arrangement for Payment Under Protest—Public Policy.— No principle of public policy is violated, in such case, by the district attorney permitting the money to be paid under protest so that it can be recovered back if illegally exacted.

Id.—Deposit With Third Person—Payment by Him to County Treasurer.—The fact that the money was deposited under duress and protest with a third person, and is finally paid by him into the county treasury upon demand of the county, and under protest, to prevent further proceedings, does not render the payment less involuntary or compulsory than the original payment.

APPEAL from a judgment of the Superior Court of Plumas County and from an order refusing a new trial. K. S. Mahon, Judge presiding.

The facts are stated in the opinion of the court, and in 149 Cal. 782, [87 Pac. 802].

U. S. Webb, Attorney-General, M. C. Kerr, District Attorney, and L. N. Peter, for Appellant.

Cheney, Downer, Price & Hawkins, and J. A. Boyle, for Respondents.

CHIPMAN, P. J.—This is an action to recover the sum of $1,301 alleged to have been paid to defendant by plaintiff, Ridenour, under protest and while in the custody of the sheriff under a warrant of arrest issued on a complaint charging that he had refused to pay a certain license-tax imposed by an ordinance passed by the supervisors of Plumas County, levying a license-tax on the business of raising sheep. The amended complaint in the action was filed August 17, 1903. A general demurrer was sustained and judgment passed for defendant in February, 1904. Plaintiffs declining to further amend, they appealed to the supreme court. In an opinion filed October 2, 1906, the judgment was reversed and the cause remanded with directions to overrule the demurrer and grant leave to defendant to answer. *Wheeler & Ridenour* v. *County of Plumas,* 149 Cal. 782, [87 Pac. 802].

Briefly, the complaint alleged the invalidity of the ordinance and the consequent illegality of the tax and likewise the illegality of the penal clauses enacted for its enforcement and under which Ridenour was complained against and arrested by the sheriff; that "while said D. W. Ridenour was under arrest and in the custody of the sheriff as aforesaid, and in order to, and as a condition of his release from said custody, he was required to and did deposit with C. C. Clough the sum of $1,301.00 which said sum was the amount claimed by said license collector to be due to said county defendant from said plaintiffs by way of license-tax on said business and by virtue of said ordinance. And at the time of said payment, it was agreed between said D. W. Ridenour and said county

that said money was deposited and paid under protest to be thereafter prepared, and, for the purpose of enabling said D. W. Ridenour to have a proper protest prepared, it was agreed that said money should be held in the mean time by said C. C. Clough. That in consequence of said payment of said sum of $1,301.00, by said D. W. Ridenour, and not otherwise, he was released from the custody of said sheriff and said criminal action was continued and was pending the third of April, 1902. That thereafter and to wit, upon said 3d day of April, said plaintiffs served upon said license collector their said protest in writing and protested against the payment of said license-tax, said sum of thirteen hundred and one (1301) dollars, upon the following grounds: First: That said tax was paid under duress and compulsion to relieve said plaintiff, D. W. Ridenour, from arrest, prosecution, fine or imprisonment for violation of said ordinance.'' The other grounds go to the invalidity of the ordinance and the illegality of the tax. ''That thereafter and upon the order and due demand of said defendant, and in order to prevent said D. W. Ridenour being again taken in custody under said warrant of arrest and prosecuted . . . said $1,301 00 was paid and delivered to said defendant under protest as aforesaid, by said C. C. Clough, and the same has ever since been held by said defendant, and no part thereof returned to these plaintiffs or either of them.'' It is alleged that a claim in due form was presented to and rejected by the board of supervisors.

In holding the complaint to be good on the former appeal, the supreme court decided: That the ordinance was invalid and that payment under duress and protest to prevent criminal proceedings thereunder was involuntary, and may be recovered back from the county after its rejection of a claim therefor; that the right to an acquittal upon a criminal charge under the ordinance cannot affect the duress by reason of the arrest and threatened criminal proceedings; that appellants were not required to incur the hazard of a magistrate's decision upon the validity of the ordinance; that the fact that the money sought to be recovered was deposited with a third person under duress and protest, and was finally paid by such third person into the county treasury upon demand of the county, and under protest, to prevent further proceedings,

did not render the payment less involuntary or compulsory than the original payment. The foregoing points are taken from what appear to be correct syllabi of the decision. There remains but little for us to pass upon except to show that the averments of the complaint were substantially established at the trial to be true.

The district attorney who conducted the proceedings, both criminal and civil, for the county, was Hon. U. S. Webb, now attorney-general of the state, and he was at the time, as he testified, the legal adviser of the board of supervisors and of the license tax-collector. He testified: That a warrant was duly issued and defendant Ridenour was arrested thereon under a complaint for violating said ordinance, and was brought to Quincy "in charge of the sheriff or other peace officer"; that the complaint was lodged and warrant of arrest made because he was informed that defendant was conducting business in violation of the ordinance; that the amount claimed was $1,301. which was paid into the county treasury; that, subsequent to the payment, the criminal action was dismissed; that, some time prior, the amount was placed in the hands of Judge Clough (C. C. Clough); that Ridenour was requested to make the deposit before he was released from custody. The witness then stated the situation as he understood it to be. This understanding was: That the money was to be paid to Judge Clough, who was Ridenour's attorney; that Ridenour was not legally released from custody but the criminal case was continued, "upon the statement of Judge Clough that they desired to pay the money to the tax-collector, through him into the treasury, but to pay the same under protest, which protest had not yet been framed, and Judge Clough stated to me that he desired time to communicate with his associate, Judge Cheney, of Reno, whom he would expect to prepare that protest, that he would hold the money until after the protest had been framed, and thereafter, the protest having been framed, the money was paid to the tax-collector, and thence into the treasury of the county, and the protest was at the same time filed. Q. If the plaintiff had refused to pay the tax or money . . . would Ridenour have been retained in custody and prosecuted. A. Without any doubt. . . . Q. Did you not, as district attorney of Plumas County, insist as a condition of dropping that prosecution, that this

license-tax be paid? A. Oh, I could have entertained no thought of dropping the prosecution without the payment of the license-tax." He testified further that he doubtless said to them that unless the tax was paid he would prosecute the defendant and if it was paid he would dismiss the action; that his object in bringing the action was to secure payment. "That was all I wanted." He also testified that when the money was left with Judge Clough under protest Ridenour was in custody, and when it was deposited he was released by the sheriff and when the money was paid to the county "Ridenour was not further disturbed."

Defendant Ridenour testified that he was arrested in Honey Lake Valley, near Susanville, in Lassen County, by Sheriff Hall. Relating to the payment of the money he was asked: "Q. Were you told, given to understand what would be done if you didn't pay it? A. Oh, yes. I understood that well enough. Q. What was it? A. I would go to jail if I didn't pay it; I didn't have time to go to jail, I was in a hurry, it was haying time. . . . Q. What was the reason why you paid that $1301.00? A. I paid it to keep from going to jail, that was about the only object I could see, the only chance I had to get out of it. . . . Q. Who was it insisted on its being paid then? A. Mr. Webb told me: 'That is the only way you can get out of it, is to pay it under protest if you don't want to go to jail; if you go to jail you will have to lay there until it is decided.' " He testified that after he was released he was not again in custody; that the money left with Judge Clough was held by him to be paid to the county in pursuance of the agreement with Mr. Webb, who represented the county.

Defendant offered no evidence. The cause was tried with a jury and plaintiffs had the verdict. Defendant appeals from the judgment on the verdict and from the order denying its motion for a new trial.

We think the evidence was sufficient to support the complaint when applied to the principles of law settled by the former appeal.

Much of defendant's brief is based upon cases cited in support of questions that have already been determined and need not be again discussed. The doctrine of payments under duress was very fully treated in the opinion on the former

appeal by Mr. Justice Lorigan to which nothing need be added. We will notice such points as seem to require further attention.

It is claimed that the district attorney did not represent the county and his action in the premises was wholly without authority and the whole proceeding was contrary to public policy. Why opposed to public policy? The criminal action was brought to indirectly compel payment of the tax. The tax being of doubtful validity and probably not enforceable, what principle of public policy was violated in permitting it to be paid under protest so that it could be recovered back if illegally exacted? We know of none. This district attorney had complete control over the criminal proceeding; he brought it and he could dismiss it. He had authority, we think, to represent the county in the matter. Strictly, the arrangement cannot be called a contract nor be judged as to its policy as a contract between the district attorney, acting for the county, and the defendant. The district attorney simply informed defendant, then in custody—"You shall go to jail unless you pay this tax, pending the determination of the validity of the tax." Defendant replied: "I will pay, but I pay under protest that the tax is illegal and to avoid imprisonment and the ignominy of a criminal trial." That the facts show legal coercion and duress, we think, has been determined by the supreme court.

It is urged that the payment of the money was to Judge Clough, who was Ridenour's attorney, and who was in no way bound to pay it into the treasury; that on defendant's demand it would have been the attorney's duty to return the money to him, hence it cannot be said from the evidence that Ridenour "was in duress and could only obtain release upon payment of the illegal charge, whatever may have been the construction placed upon the allegations of the complaint." But as we view the transaction the duress was continuous and Judge Clough was but carrying out the only plan available to accomplish the release. The protest was filed at the time the money was paid and up to that moment Ridenour was subject to rearrest and trial. The supreme court held that the payment by a third person did not make it less under duress.

The instructions given to the jury were correct statements of the law as laid down by the supreme court in the case.

The instructions asked by defendant were consistent with its view of the law but were not in harmony with the decision on the former appeal.

The case went to the jury under fair and full instructions and the verdict finds support in the evidence. The defendant is seeking to hold on to money to which it has neither legal nor moral right. The appellate court ought not to strain the law in order to uphold a claim under such circumstances.

The transcript on the present appeal was filed in the supreme court, January 15, 1913, and was subsequently transferred to this court. The long delay in bringing the case to final judgment cannot be laid at the door of the appellate courts.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.